O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| CEASAR SALGADO,<br><br>           Plaintiff,<br><br>    v.<br><br>LOWE'S HOME IMPROVEMENT;<br>ROBERT GAUSE; DOES 1–100,<br>inclusive,<br><br>           Defendants. | Case No. 5:14-cv-01234-ODW(JCx)<br><br>**ORDER REMANDING ACTION TO RIVERSIDE COUNTY SUPERIOR COURT** |

    On June 17, 2014, Defendant Lowe's Home Centers, LLC removed this action to this Court, ostensibly invoking diversity jurisdiction under 28 U.S.C. § 1332. But after considering Defendant's Notice of Removal, the Court finds that Defendant has failed to adequately allege Plaintiff Ceasar Salgado's citizenship sufficient to establish diversity jurisdiction. The Court therefore **REMANDS** this case to Riverside County Superior Court, case number RIC1401124.

    Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may only remove a suit filed in state court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But

courts strictly construe the removal statute against removal jurisdiction, and federal "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a). For complete-diversity purposes, a natural person's citizenship is "determined by her state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship.").

In its Notice of Removal, Defendant alleges that "Plaintiff CEASAR SALGADO was, at the time of the filing of this action, and presently remains, a resident and citizen of the State of California." (Not. of Removal ¶ 8.) But Plaintiff did not admit in his Complaint that is a California citizen; rather, he admits that he is "a *resident* of City of Moreno Valley, in the State of California." (Not. of Removal Ex. A, ¶ 1 (emphasis added).) While a party's residence may be prima facie evidence of that party's domicile when an action is brought in federal court in the first instance, *see State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), mere residence allegations do not suffice to establish citizenship on removal in light of the strong presumption against removal jurisdiction. *See Kanter*, 265 F.3d at 857; *Gaus*, 980 F.2d at 567.

1    Neither does Defendant cite any objective facts to establish that Salgado is a
2 California citizen, such as "voting registration and voting practices, location of
3 personal and real property, location of brokerage and bank accounts, location of
4 spouse and family, membership in unions and other organizations, place of
5 employment or business, driver's license and automobile registration, and payment of
6 taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

7    Left with just a bare, inadequate residency allegation, the Court finds that
8 Defendant has not competently established that this Court has diversity jurisdiction
9 over this case.  The Court therefore **REMANDS** this case to the Riverside County
10 Superior Court, case number RIC1401124.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court
11 determines at any time that it lacks subject-matter jurisdiction, the court must dismiss
12 the action.").  The Clerk of Court shall close this case.

13    **IT IS SO ORDERED.**

15    June 19, 2014

17    _____
18    **OTIS D. WRIGHT, II**
      **UNITED STATES DISTRICT JUDGE**

```
cc: order, docket, remand letter to
    Riverside County Superior Court, No. RIC1401124
```